W. Eugene SCOTT, Plaintiff-Appellant,

v.

Edward L. KUHLMANN, etc.,
Defendants-Appellees.

No. 83–5585.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1983.

Decided Nov. 6, 1984.

Joanne L. Frank, Edward L. Marsy, Sherman Oaks, Cal., for plaintiff-appellant.

Peter Osinoff, Los Angeles, Cal., for defendants-appellees.

Before BROWNING, Chief Judge, WALLACE and NORRIS, Circuit Judges.

PER CURIAM:

Dr. W. Eugene Scott appeals the dismissal of his complaint seeking declaratory and injunctive relief for alleged violations of his first amendment rights arising out of an FCC investigation of broadcast operations licensed to Faith Center Church, Inc., of which Scott is pastor and president. The district court dismissed the complaint for lack of subject matter jurisdiction and, alternatively, for failure to exhaust administrative remedies.

Scott's complaint is in two counts. Count One alleges the FCC violated Scott's free exercise rights by demanding access to records reflecting his donations to Faith Center, Inc. Count Two alleges the FCC violated Scott's first amendment right to

privacy by inquiring into Scott's "sexual habits" during a "secret deposition" of a former employee of Faith Center, Inc.

The claim asserted in Count One cannot be distinguished from that rejected by this court in *Scott v. Rosenberg,* 702 F.2d 1263 (9th Cir.1983). It is evident from the record in *Scott v. Rosenberg,* of which we take notice, *see Harrington v. Vandalia-Butler Bd. of Education,* 649 F.2d 434, 441 (6th Cir.1981), and the pleadings in this case, that the issues raised in both cases are the same. Different individuals are named defendants in the two suits, but all are employees of the FCC who participated in the inquiry in which records of Scott's donations were sought. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402–03, 60 S.Ct. 907, 917, 84 L.Ed. 1263 (1940). *See also Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir.1980) (per curiam); *Mervin v. FTC,* 591 F.2d 821, 830 (D.C.Cir. 1978).

The district court based dismissal on lack of subject matter jurisdiction rather than *res judicata,* but we "must affirm a correct decision on any ground fairly supported by the record." *Maykuth v. Adolph Coors Co.,* 690 F.2d 689, 695 (9th Cir.1982). The defendants raised *res judicata* in their motion to dismiss under Rule 12(b)(6), rather than in a responsive pleading. Ordinarily affirmative defenses may not be raised by motion to dismiss, C. Wright & A. Miller, *Federal Practice and Procedure,* § 1277, at 328–30, but this is not true when, as here, the defense raises no disputed issues of fact. *Id.* at 332. *See also Concordia v. Bendekovic,* 693 F.2d 1073, 1075–76 (11th Cir.1982); *Boone v. Kurtz, supra.* In the circumstances of this case it is appropriate to affirm the district court's order of dismissal of Count One as *res judicata* even if we assume dismissal for lack of subject matter jurisdiction was improper. *Southard v. Southard,* 305 F.2d 730, 732 (2d Cir.1962).

As to Count Two, Scott argues his "sexual habits" are within the zone of privacy protecting marriage, procreation, and contraception recognized in *Carey v. Population Services Int'l,* 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977) and *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972). Even assuming Scott's "sexual habits" are within a zone of privacy protected by the first amendment, the district court properly dismissed Count Two as frivolous. Scott failed to allege facts suggesting the FCC "chilled" or "interfered" with the interest. He alleged only that the FCC asked a former employee of Faith Center Church, Inc. and her husband questions about Scott's sexual encounters, and that those questions were not relevant to any legitimate interest of the FCC. Scott relies entirely upon the fact that the questions were asked. He does not allege they were answered, that the answers, if any, reflected in any way upon Scott (indeed he asserts they did not), that the FCC published any information it may have obtained, used it to discredit him, or threatened to do so. Accepting the facts in Scott's complaint as true, and construing them most favorably to him, he fails to allege more than a trivial or incidental interference with his putative privacy interest. The district court did not err in dismissing Count Two on jurisdictional grounds. *See Hagans v. Lavine,* 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974); *Ambassador College v. Geotzke,* 675 F.2d 662, 663 (5th Cir.1982); *Franklin v. Oregon,* 662 F.2d 1337, 1342–43 (9th Cir.1981).

AFFIRMED.