42 F.3d 1400
 Joslyn Manufacturing Company
v.
Liberty Mutual Insurance Company
 NO. 93-35403
 United States Court of Appeals,
Ninth Circuit.
 Dec 01, 1994
 
 Appeal from the United States District Court for the District of Oregon. D.C. No. CV-90-01157-GEJ. George E. Juba, Magistrate Judge, Presiding.
 Fletcher, D.w. Nelson and Rymer, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joslyn Manufacturing Co. appeals the district court's determination on summary judgment that Liberty Mutual Insurance Company had no duty to defend or indemnify it in an action by Columbia Steel Casting Company and the Oregon Department of Environmental Quality arising out of contamination to groundwater caused by Joslyn's former manufacturing operations on property that was subsequently acquired by Columbia. Liberty Mutual insured Joslyn against liability for property damage claims, but its policies excluded coverage for injury to property owned, used or controlled by Joslyn. Because Joslyn used or physically controlled the groundwater on its property, as well as the drainage across an adjacent lot owned by T.M. Thorsen, we affirm.
 
 
 3
 * Joslyn first argues that the Columbia complaint is ambiguous because it fails to allege that contamination had not spread to third-party property. However, the fact that a complaint avers injury to certain property (owned or used by Joslyn) but fails to allege that injury to other property (not owned or used by Joslyn) has not occurred does not make it ambiguous. Cf. Ferguson v. Birmingham Fire Ins. Co., 254 Ore. 496, 460 P.2d 342 (Or. 1969) (insurer's knowledge of facts not alleged is irrelevant in determining existence of duty to defend).
 
 
 4
 Joslyn also contends that Liberty Mutual had a duty to defend since the discharge contaminated groundwater that is property of the state under Oregon law. While we have held that groundwater is property of the state, and damage to groundwater under the real property of a policyholder is not damage to property owned" by the policyholder, Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1565 (9th Cir. 1991); see also St. Paul Fire & Marine Ins. Co., Inc. v. McCormick & Baxter Creosoting Co., 126 Ore. App. 689, 870 P.2d 260, 265-66 (Or. Ct. App. 1994), Liberty Mutual's policies exclude damage to property "used" by the insured. Therefore, as we conclude that Joslyn used or physically controlled the groundwater and the Thorsen property, even if the Columbia complaint can be read to request relief for injury to properties never owned by Joslyn, these allegations could not have resulted in liability within the policy's coverage.
 
 II
 
 5
 Joslyn asserts that Liberty Mutual is obliged to indemnify it on Columbia's claims because, under Intel, groundwater beneath real property owned by a policyholder is not property "owned or occupied or rented" such that the exclusion applies. However, we were interpreting California law in Intel and in any event had no occasion to consider the "used property" exclusion, as there was no indication in that case that the insured had appropriated or otherwise diverted the groundwater. Here, it is undisputed that Joslyn drew water through a well from the aquifer, and allowed wastewater to discharge from collecting ponds on the Joslyn property across the Thorsen property to the Columbia Slough, the direction of natural drainage. In so doing it employed the groundwater and the Thorsen property for purposes connected to its business activities, and so "used" it. See Lane Elec. Co-op v. Federated Rural Elec., 114 Ore. App. 156, 834 P.2d 502 (Or. Ct. App.), rev. denied, 314 Ore. 727, 843 P.2d 454 (1992); cf.
 
 
 6
 Ferguson, 460 P.2d at 346 ("control" exception does not apply because use was non-business and unwitting).
 
 
 7
 It doesn't matter whether Oregon entrusted the groundwater to Joslyn, as Joslyn contends: the insured's possession may be wrongful yet still come within the "care, custody or control" exclusion, 460 P.2d at 345, and by the same reasoning, within the "use" exclusion. Nor are we are persuaded by Joslyn's argument that there were two aquifers beneath its property, a "deep" one that was not contaminated and, above it, a "shallow" one that was, and that the well was sunk into the deep aquifer which was not contaminated. Joslyn admits that there was nothing to prevent flow between the shallow and deep aquifers, and that "there is evidence of slight contamination in the deep gravelly alluvium." Drawing all permissible inferences in its favor, Joslyn has not raised a genuine issue of fact that there were separate "used" and "unused" aquifers. In any event, even if Joslyn's well somehow drew water exclusively from the deep aquifer, it must still have passed through the shallow aquifer, thereby constituting
 
 
 8
 "use" or "physical control" under Ferguson.
 
 
 9
 Finally, Joslyn's urging us to follow the Seventh Circuit's approach in Patz v. St. Paul Fire & Marine Ins. Co., 15 F.3d 699 (7th Cir. 1994), is unavailing because Oregon law, which we are bound to apply, recognizes that groundwater contamination is property damage. McCormick & Baxter, 870 P.2d at 267. The question here is whether the property damage is to property "used" by Joslyn, and we agree with the district court's conclusion that it was.
 
 
 10
 AFFIRMED.
 
 
 11
 Disposition AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3