42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jacqueline JENKINS, Plaintiff-Appellant,
v.
STATE FARM INSURANCE COS., Defendant-Appellee.
 No. 93-16134.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1994.
Decided Dec. 2, 1994.
 
 Before: CHOY, FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Jacqueline Jenkins ("Jenkins") challenges the district court's grant of summary judgment on her handicap discrimination claim under the California Fair Employment and Housing Act ("CFEHA"), Cal. Gov't Code Sec. 12900 et seq. Further, Jenkins appeals several interlocutory orders, including (1) the district court's dismissal of her claim for breach of an implied-in-fact contract not to terminate except for good cause; (2) the district court's subsequent denial of a motion for leave to amend the complaint; and (3) the district court's grant of State Farm's motion to strike Jenkins' request for punitive damages under CFEHA. Having jurisdiction under 28 U.S.C. Sec. 1291, we affirm the district court's grant of summary judgment in favor of State Farm.
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Jacqueline Jenkins worked for State Farm from February, 1972 until May 31, 1990 when she was terminated from her position as a claims specialist. In September, 1989, Jenkins injured her right shoulder in an auto accident. As a result of the accident, she could not fully bend her right arm behind her back, and she was in pain. She was treated with physical therapy initially and underwent right shoulder arthroscopic surgery on February 12, 1990.
 
 
 4
 Following the accident, Jenkins took 200 days of paid sick leave to which she was entitled under State Farm's "paid sick leave" policy. Under the policy, an employee who takes more than ten consecutive days of paid sick leave is required to provide a medical release by her doctor in order to return to work. The medical release must indicate any restrictions to the employee's physical activities while at work. Further, an employee may be required to complete an examination by State Farm's medical department. An employee will be discharged effective the last day of the granted leave if she fails the physical examination.
 
 
 5
 On April 27, 1990, State Farm sent Jenkins a letter advising her that her sick leave would expire on May 25, 1990 at 2 p.m. The letter further advised that if she did not return to work by that date, she would be terminated. On May 17, 1990, Jenkins provided State Farm with a note from her doctor, Dr. Steven Isono, releasing her to return to work with limited conditions. In the note, Dr. Isono advised against heavy, repetitive lifting greater than five pounds and suggested an adjustment in the work place (desk, chair, etc.) for Jenkins' comfort.
 
 
 6
 Pursuant to State Farm's policies, the Medical Director for State Farm's Northern California Regional Office, Dr. Walter Mills, examined Jenkins on May 22, 1990. Dr. Mills concluded that further clarification from Dr. Isono was necessary in order to determine Jenkins' ability to return to work full time. Jenkins then contacted Dr. Isono, who agreed to provide information regarding her condition over the telephone. Dr. Mills attempted to contact Dr. Isono on May 23, 1990 without success.
 
 
 7
 Upon learning that Dr. Isono would be in surgery and unavailable on May 24 and 25, Jenkins contacted State Farm to request an extension of her leave allowance. State Farm contends that it extended Jenkins' medical leave until May 30, 1990 in order to allow the two doctors to confer. Jenkins disputes State Farm's contention, stating that State Farm told her that her medical leave would be extended until the information was obtained from her doctor.
 
 
 8
 In the meantime, on May 22, 1990, Jenkins obtained approval for vacation from May 28 through June 1, 1990. On May 24, 1990, Jenkins spoke with Steve Sosa in State Farm's Personnel Department. According to Jenkins, Sosa informed her that she would be placed on medical leave without pay until Dr. Isono provided the necessary medical information. On May 25, 1990, Jenkins requested that she be placed on vacation rather than on leave without pay. Jenkins did not ascertain whether she was on "vacation" or "medical leave without pay" status before she left for her vacation on May 26, 1990.
 
 
 9
 Dr. Mills made two more attempts to contact Dr. Isono on May 24 and 29, but failed to reach him. Likewise, Dr. Isono's attempts to contact Dr. Mills on May 29 and 31 were unsuccessful. Jenkins was terminated on May 30, 1990. After termination, Jenkins unsuccessfully pursued State Farm's appeal process in order to recover her job. In April, 1991, Jenkins obtained employment elsewhere doing similar type of office work that she performed for State Farm.
 
 
 10
 Jenkins filed this action in the Superior Court of Contra Costa County on May 22, 1991. State Farm removed the case to federal court on the basis of diversity jurisdiction on June 28, 1991. Jenkins' original complaint included claims for handicap discrimination under CFEHA, common law wrongful termination in violation of public policy, breach of an implied-in-fact employment contract, breach of the implied covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress.
 
 
 11
 On August 23, 1991, the district court dismissed all claims with leave to amend. Jenkins filed her first amended complaint on September 9, 1991. On November 9, 1991, the district court dismissed without prejudice Jenkins' claims for breach of contract, breach of covenant, and wrongful termination in violation of public policy. The court held that Jenkins had stated a claim under CFEHA, but struck Jenkins' request for punitive damages under CFEHA. On September 21, 1992, the court denied Jenkins' motion to file a third amended complaint on the grounds of futility and undue delay. On May 7, 1993, the district court granted State Farm's motion for summary judgment on the CFEHA claim. Jenkins filed an appeal to this court on June 11, 1993.
 
 II. DISCUSSION
 
 12
 Jenkins' first contention of error is that summary judgment was improper because the cause of her termination was State Farm's perception of her as a handicapped individual rather than the expiration of her sick leave.
 
 
 13
 We review de novo the district court's grant of summary judgment. Williams v. Caterpillar, Inc., 944 F.2d 658, 661 (9th Cir.1991), citing, Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339 (9th Cir.1989). Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if the pleadings and supporting materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Jenkins must demonstrate that there are genuine factual issues that properly can be resolved only by a finder of fact because the issues may reasonably be resolved in favor of either party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 14
 We conclude that Jenkins is not a handicapped individual under CFEHA. CFEHA prohibits employment discrimination based on "physical handicap." Cal. Gov't Code Sec. 12940(a) (West 1992 & Supp.1994). In order to establish a claim for physical handicap discrimination, Jenkins must first assert that she is a handicapped individual. She must then put forth evidence that State Farm terminated her because of her status as a handicapped individual. Cal.Code Regs. tit. 2, Sec. 7293.7 (1994).
 
 
 15
 "Handicapped individual" is defined as any individual who "(1) [h]as a physical handicap which substantially limits one or more major life activities; ... or (3) [i]s regarded as having such a physical handicap." Cal.Code Regs. tit. 2, Sec. 7293.6(i) (1994) (emphasis added). Jenkins' claim is a "regarded as" case.
 
 
 16
 An individual is regarded as having a physical handicap if she is treated by an employer as having a physical handicap that substantially limits major life activities, despite the fact that she either (1) does not have a physical handicap (that substantially limits major life activities), Cal.Code Regs. tit. 2, Sec. 7293.6(h)(3) (1994); or (2) has a physical handicap, but the handicap does not substantially limit one or more major life activities, Cal.Code Regs. tit. 2, Sec. 7293.6(h)(1) (1994). "Major life activities" are defined as "[f]unctions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Cal.Code Regs. tit. 2, Sec. 7293.6(f) (1994). Thus, Jenkins would be a "handicapped individual" under CFEHA if State Farm perceived her to be incapable of working, even though she was actually able to perform her duties.
 
 
 17
 The undisputed facts establish that State Farm did not regard Jenkins as a handicapped individual. In fact, State Farm's actions indicated its intent to allow Jenkins to return to work. Before State Farm approved Jenkins' return to work, however, it attempted to ascertain her ability to perform her essential duties without endangering her health or safety. State Farm's treatment of Jenkins did not deviate from established company procedures and was consistent with State Farm's contention that it did not regard Jenkins as a handicapped individual.
 
 
 18
 First, State Farm referred Jenkins to its own medical doctor to determine her ability to return to work safely. Such a referral is routine and is outlined in the company medical manual. Second, State Farm's reliance on its doctor's decision, which required further clarification from Jenkins' doctor before approving the medical release, did not constitute discriminatory conduct. See Fuqua v. Unisys Corp., 716 F.Supp. 1201, 1206-07 (D.Minn.1989). It was solely Dr. Mills' decision to require medical clarification, and his decision was based on medical reasons. Finally, Dr. Mills' request for a conference with Dr. Isono to determine whether Jenkins was ready to return to work was well within company procedures for an employee who is on sick leave due to a temporary injury.
 
 
 19
 State Farm was diligent in its effort to ascertain Jenkins' ability to return to work. As State Farm's representative, Dr. Mills made three (unsuccessful) attempts to contact Dr. Isono. State Farm had granted Jenkins 200 days of sick leave and extended Jenkins' sick leave for five additional days in order to grant her more time to submit clarification of her ability to return to work. Even after termination, State Farm provided Jenkins with an opportunity to appeal, in which Jenkins again failed to provide the necessary clarification. At no time did State Farm give an indication that it considered Jenkins to have an impairment which foreclosed the type of employment involved.
 
 
 20
 On appeal, Jenkins has not presented any specific facts to support her contention that State Farm regarded her as a handicapped individual who was unable to perform her job as a claims specialist. Rather than presenting facts to support her contention of wrongful termination, Jenkins circularly argues that State Farm must have considered her to have a physical handicap because State Farm terminated her. "A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data." Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir.1981). Jenkins has failed to demonstrate a prima facie case of discrimination, and thus, summary judgment was properly granted.
 
 
 21
 In light of Jenkins' failure to demonstrate that State Farm had discriminated against her on the basis of her perceived handicapped status, the district court did not abuse its discretion in striking Jenkins request for punitive damages.
 
 
 22
 We need not address the issue of whether the district court erred in its dismissal of Jenkins' claim for breach of an implied-in-fact contract and in its subsequent denial of a leave to file a third amended complaint. Even assuming arguendo that there was an implied-in-fact employment contract, Jenkins was terminated for good cause and therefore cannot prove that State Farm breached the contract.
 
 III. CONCLUSION
 
 23
 We affirm the district court's grant of summary judgment in favor of State Farm.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3