42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael LENTZ, Gwen Lentz, Plaintiffs-Appellants,
v.
IDS FINANCIAL SERVICE, INC., Mark Ernst, Does 1-100,
Defendants-Appellees.
 No. 93-16299.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1994.
Decided Dec. 7, 1994.
 
 Before: CHOY, FARRIS, and BRUNETTI, Circuit Judges.
 MEMORANDUM*
 Michael and Gwen Lentz, Plaintiffs/Appellants, sued IDS Financial Services and Mark Ernst, Defendants/Appellees, for damages resulting from civil RICO violations and pendent Nevada law claims. The United States District Court for the District of Nevada (Reed, J.), dismissed the Lentzes' complaint for failure to state a claim upon which relief might have been granted. We affirm the district court's judgment because res judicata precluded the Lentzes' claims in federal court.
 While this action was pending in the court below, the Lentzes instituted a suit against IDS and Ernst in Nevada court. The state suit alleged that IDS and Ernst were liable for racketeering, interference, breach of contract, and other theories stemming from the deterioration of relations between the parties after IDS acquired assets from the Lentzes' CPA practice. On March 16, 1993, the Second Judicial District Court of Nevada (Adams, J.) granted judgment for IDS and Ernst on all of the Lentzes' grounds for recovery.
 
 
 1
 The court below dismissed the Lentzes' suit for failure to plead a viable RICO claim, but we may also affirm the court's decision if the record fairly supports the conclusion that the Nevada judgment barred the Lentzes' claims in federal court. See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.1984). We accord the Nevada judgment the preclusive effect given it by another Nevada court. See 28 U.S.C. Sec. 1738; Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986).
 
 
 2
 We find that the Lentzes' federal claims are precluded according to Nevada law. The parties in the two suits are identical. See University of Nevada v. Tarkanian, 879 P.2d 1180, 1191 (Nev.1994). The Nevada judgment, incorporating a partial grant of summary judgment against the Lentzes on some theories, post-trial involuntary dismissal on others, and a jury verdict on the rest, was final and addressed the merits. See id. The judgment thus bars the Lentzes from obtaining relief in the federal suit on any ground for recovery they did assert or could have asserted in their Nevada lawsuit. S ee id. at 1191-92. Since the grounds for recovery in their federal suit arise from the fall-out between the parties after IDS acquired Lentz & Lentz assets, the Nevada judgment precludes all the claims in the federal suit.
 
 
 3
 We thus AFFIRM the judgment of the district court.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3