42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kouchek JAVIDI, Plaintiff-Appellant,
v.
KAISER PERMANENTE MEDICAL GROUP, INC.; Dameron Hospital;
Rameo Puzon; Luis Arismendi, Defendants-Appellees.
 No. 93-17192.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 16, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kouchek Javidi appeals pro se the district court's denial of her motion for appointment of counsel in her action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Secs. 2000e to 2000e-17, and of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-34. We have jurisdiction under 28 U.S.C. Sec. 1291.[1] We review for abuse of discretion a district court's decision on a motion for appointment of counsel pursuant to 42 U.S.C. Sec. 2000e-5(f)(1)(B), Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1319 (9th Cir.1981), and affirm.
 
 
 3
 Javidi contends that the district court improperly relied upon the "no cause" determination of the Equal Employment Opportunity Commission ("EEOC") to deny her motion for appointment of counsel. This contention lacks merit.
 
 
 4
 The district court must consider three factors when ruling on a motion for appointment of counsel: (1) the plaintiff's financial resources, (2) the efforts the plaintiff has made to retain counsel, and (3) the merits of the plaintiff's lawsuit. Id. at 1318. An EEOC determination that no reasonable cause supports the plaintiff's claim may not be the only basis of the district court's denial of a motion for appointment of counsel. Id. at 1309 n. 20 (citing Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1308 (5th Cir.1977)).
 
 
 5
 Javidi filed four motions for appointment of counsel during the course of litigation. The district court denied all four motions, finding that, while Javidi was indigent and had made efforts to secure counsel, her claims lacked merit.
 
 
 6
 The district court did not deny Javidi's motions solely on the basis of the EEOC's "no cause" determination. Javidi did not include a copy of the EEOC's determination with her first motion for appointment of counsel, and the district court denied the motion because she had only submitted "bare allegations" of violations under Title VII and the ADEA. The district court denied Javidi's three subsequent motions after considering the "full record" each time, including new facts and evidence that Javidi presented in addition to the EEOC's "no cause" determination.
 
 
 7
 Given these circumstances, the district court did not abuse its discretion by denying Javidi's motions for appointment of counsel. See id. at 1318.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An order denying appointment of counsel in a Title VII action is appealable as a collateral order exception to the final judgment rule. Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1305 (9th Cir.1981)
 
 
 [2]
 On September 12, 1994, Javidi filed a document entitled "Correction in Identifying the Appellees on the Brief, and Clarification." We construe this as a motion to amend the notice of appeal to add defendants Dameron Hospital, Rameo Puzon, and Luis Arismendi, and grant the motion