FILED

JUL 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN COBB,

              Plaintiff - Appellant,

  v.

JOSE JUAREZ, ID 602; et al.,

              Defendants - Appellees.

No. 13-55394

D.C. No. 3:10-cv-01872-CAB-WMC

MEMORANDUM[*]

JOHN COBB,

              Plaintiff - Appellee,

  v.

JOSE JUAREZ, ID 602; J. COX, ID 652,

              Defendants - Appellants,

  And

JEFF REYES, ID 606; et al.,

              Defendants.

No. 13-55478

D.C. No. 3:10-cv-01872-CAB-WMC

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

John Cobb appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising from a traffic stop on a college campus, and defendants Juarez and Cox cross-appeal. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal on the basis of the doctrine of res judicata). We may affirm on an ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Cobb's action as precluded by the doctrine of res judicata was proper as to all defendants because Cobb alleged nearly identical claims arising out of the same traffic stop and resulting search against these defendants, or parties with whom they are in privity, in a prior action in which there was a final judgment on the merits. *See Stewart*, 297 F.3d at 956-57 (setting forth elements of the doctrine of res judicata as a bar to re-litigation of claims that were raised and that

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument, and denies Cobb's request for oral argument, set forth in his opening brief. *See* Fed. R. App. P. 34(a)(2).

could have been raised in the prior action, and noting that, all dismissals other than those for lack of jurisdiction, improper venue, or improper joinder operate as an adjudication on the merits for purposes of applying the doctrine of res judicata); *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir. 1997) (privity exists for purposes of the doctrine of res judicata where the interests of a non-party were represented adequately by a party in the original suit); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) (privity exists between employees of the same agency even though some were only named in the later action). Moreover, the district court did not abuse its discretion by denying Cobb leave to amend because amendment would have been futile. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

Because we affirm dismissal of Cobb's actions against all defendants on the basis of the doctrine of res judicata, we do not consider the parties' arguments regarding the sufficiency of Cobb's allegations against defendants Juarez and Cox.

We reject Cobb's contentions regarding the allegedly erroneous denial of his request for an injunction and the dismissal of his prior action on "extraneous or technical" grounds, without oral argument, and before the issuance of summons.

Cobb's request for judicial notice of various website entries regarding international events, profiles of certain federal judges, irrelevant pleadings in his

prior criminal actions, and other documents, filed on September 18, 2013, is denied. *See* Fed. R. Evid. 201.

Defendants' request for judicial notice, filed on August 20, 2013, is granted.

**AFFIRMED.**