**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

NEIL B. GOLDBERG,

              Plaintiff-Appellant,

    v.

JAMES CAMERON; GALE ANN HURD,

              Defendants-Appellees.

No.    15-16827

D.C. No. 5:15-cv-02556-RMW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted July 12, 2017
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and ROBRENO,** District Judge.

Plaintiff Neil Goldberg appeals the district court's order (1) denying his motion to remand this case to the Alameda County Superior Court and (2) dismissing his complaint under Federal Rule of Civil Procedure 12(b)(6) on res judicata grounds. In his complaint, Goldberg alleges that defendants James Cameron and

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Gale Ann Hurd, the creators of the well-known *Terminator* movie franchise, derived the storyline and soundtrack for the *Terminator* movies from his copyrighted work without his consent. This is Goldberg's third lawsuit against the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err by denying Goldberg's motion to remand. Goldberg's original state-court complaint asserted a claim for copyright infringement in violation of 17 U.S.C. § 501, so the action was initially removable on the basis of federal question and copyright jurisdiction. *See* 28 U.S.C. §§ 1331, 1338. Goldberg claims that before the defendants removed the case to federal court, he filed in state court (1) an amended complaint which omitted his copyright-infringement claim and (2) a "request to dismiss" his copyright-infringement claim. Goldberg concedes that neither filing was served on the defendants prior to removal, however, so neither filing was proper under California law at the time of removal. *See* Or. Arg. 4:40–4:50; Cal. Civ. Proc. Code § 471.5 ("[A] copy of [an] . . . amended complaint *must be served* upon the defendants affected thereby.") (emphasis added); Cal. R. Court 3.1390 ("A party that requests dismissal of an action *must serve on all parties* and file notice of entry of the dismissal.") (same). And although the state court entered an order granting Goldberg's request for dismissal despite his failure to serve notice of that request on the defendants, the district court still did not err by refusing to consider the dismissal in ascertaining its removal jurisdiction, because

2

both the text of the removal statute and our case law suggest that a district court need consider only those filings which have been served on the defendants. *See* 28 U.S.C. § 1446(a) (providing that a defendant removes a case by filing in the district court "a notice of removal . . . together with a copy of all process, pleadings, and orders *served upon such defendant or defendants in such action*" (emphasis added)); *accord Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (holding that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry").

2.      The district court also did not err by granting the defendants' Rule 12(b)(6) motion to dismiss the complaint on res judicata grounds. *See Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) (affirming the district court's dismissal of a plaintiff's complaint where "[t]he defendants raised res judicata in their motion to dismiss under Rule 12(b)(6)" because although "[o]rdinarily affirmative defenses may not be raised by motion to dismiss, . . . this is not true when, as here, the defense raises no disputed issues of fact"). Goldberg provides no valid basis to dispute that this is his third action against these defendants or that his first action resulted in a valid and final judgment on the merits.[1] *See Owens*

---

[1] When asked at oral argument whether the first action resulted in a valid and final judgment, Goldberg's counsel responded, "I would have to say—I wouldn't call it valid," but elaborated no further. Or. Arg. 12:30–40. Goldberg's briefs also

3

*v. Kaiser Found. Health Plan*, 244 F.3d 708, 713 (9th Cir. 2001) (res judicata bars a claim that "[was] raised or could have been raised in [a] prior action" where "there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties" (internal quotation marks and citations omitted)). Moreover, the claims Goldberg asserts in this action all arise out of the same "transactional nucleus of facts" as the claims he asserted in his first action: the defendants' alleged misappropriation of his work to create the *Terminator* movies in 1981 or 1982. *Id.* at 714 (internal quotation marks and citations omitted). Res judicata therefore bars his claims here.

**AFFIRMED**.

---

do not address the issue. Thus, any challenge to the validity of the judgment in the first action is waived. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief.") (internal quotation marks and citations omitted).