**Joe BOONE and Mary Alice Boone, Plaintiffs-Appellants,**

v.

**Jerome KURTZ, Commissioner of Internal Revenue and David C. Loesel et al., Defendants-Appellees.**

No. 79–2822
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 23, 1980.

---

Taylor W. O'Hearn, Shreveport, La., Joseph A. Boone, Irwinton, Ga., for plaintiffs-appellants.

*World-Wide Volkswagen Corp. v. Woodson,* —— U.S. ——, ——, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980).

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Denver L. Rampey, Jr., U. S. Atty., Macon, Ga., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Sec., Jonathan S. Cohen, Francis J. Gould, Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Joe and Mary Alice Boone filed a complaint alleging violations of their Fourth and Fifth Amendment rights in the procedure followed by defendants in assessing an income tax deficiency.

Several months earlier, they had filed a complaint which they concede was "almost identical" to the one before the district court. The court dismissed the earlier complaint for lack of jurisdiction, and the order of dismissal was not appealed.

The prior "almost identical" complaint having been dismissed for lack of jurisdiction, the district court dismissed this complaint under the doctrine of *res judicata*.

The earlier suit was brought against Loesel, an IRS revenue agent, and two unnamed IRS agents. The second suit added Kurtz, Commissioner of the IRS, as a defendant. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03, 60 S.Ct. 907, 917, 84 L.Ed. 1263 (1940); *see Mervin v. FTC*, 591 F.2d 821, 830 (D.C. Cir. 1978).

Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case *res judicata* on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims. *Mulcahy v. United States*, 388 F.2d 300 (5th Cir. 1968); *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d

786 (6th Cir.), *cert. denied*, 434 U.S. 852, 98 S.Ct. 167 (1977); *Sanchez v. Caribbean Carriers Ltd.*, 552 F.2d 70 (2d Cir.), *cert. denied*, 434 U.S. 853, 98 S.Ct. 168, 54 L.Ed.2d 123 (1977); *see Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963).

The record on appeal is incomplete, containing neither the complaint nor the order of dismissal in the earlier action. Both actions, however, were before the same court. The district court *sua sponte* dismissed on *res judicata* grounds even though Fed.R.Civ.P. 8(c) denominates *res judicata* as an affirmative defense. Dismissal by the court *sua sponte* on *res judicata* grounds, however, is permissible in the interest of judicial economy where both actions were brought before the same court. *See Hicks v. Holland*, 235 F.2d 183 (6th Cir.), *cert. denied*, 352 U.S. 855, 77 S.Ct. 83, 1 L.Ed.2d 66 (1956); *cf. W. E. Hedger Transportation Corp. v. Ira S. Bushey & Sons, Inc.*, 186 F.2d 236 (2d Cir. 1951) (motion to dismiss).

AFFIRMED.