USCA1 Opinion

 

 September 22, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 92-1041 RICHARD McLAUGHLIN, ET AL., Plaintiffs, Appellants, v. JOHN MORTON, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Torruella, Circuit Judge. _____________ ____________________ Edwin Paul Gale with whom Stephen R. Fine & Associates was on ________________ ______________________________ brief for appellants. Peter W. Mosseau with whom Peter G. Beeson and Nelson, Kinder _________________ ________________ _______________ Mosseau & Gordon, P.C. were on brief for appellee John Morton. ______________________ Mark H. Gardner for appellees Edward Reichert and Berlin City ________________ Bank. ____________________ ____________________ Per Curiam. Appellants, McLaughlin Chevrolet- ___________ Buick, Inc. (the "corporation"), and its sole shareholder, Richard McLaughlin, appeal from a district court order dismissing, on grounds of res judicata, the second of two ___ ________ actions brought under 42 U.S.C. 1983 and various state laws for an allegedly illegal attachment of the corporation's inventory. In its opinion dated December 6, 1991, the district court ruled that the second action was precluded because the district court had already determined in the prior litigation that McLaughlin lacked standing and because it had accepted, for purposes of ruling on a motion by plaintiff to alter judgment, that the corporation lacked the capacity to sue. We affirm for substantially the reasons stated in the district court order dated December 6, 1991. We write only to add the following. At argument before us, plaintiffs' counsel suggested that the corporation was not bound by the earlier suit brought by McLaughlin individually because no privity existed between McLaughlin and the corporation. We find no merit to this contention. It is well-settled that a nonparty is bound by a prior adjudication where there is sufficient legal identity between the nonparty and the prior litigant. E.g., Explosives Corp. of America v. Garlam Enterprises ____ ______________________________ ___________________ Corp., 817 F.2d 894, 906-07 (1st Cir.) (majority stockholder _____ that financed and controlled initial litigation brought -2- against corporation is bound by judgment against corporation), cert. denied, 484 U.S. 925 (1987); Aetna Cas. & _____ ______ ____________ Sur. Co. of Hartford, Connecticut v. Kerr-McGee Chem. Corp., __________________________________ ______________________ 875 F.2d 1252, 1258 (7th Cir. 1989) (judgment in action brought by shareholder of closely held corporation is binding on corporation in later litigation, absent evidence of harm to another shareholder or creditor); Restatement (Second) of Judgments 59 (3)(b) (1982). Here, there was virtually total identity between Richard McLaughlin, plaintiff in the first suit, who was the sole shareholder of the corporation, and the corporation itself. McLaughlin, indeed, sought to represent the corporation's interests in the initial action by seeking damages for the allegedly illegal attachment of the corporation's inventory. Under these circumstances, the corporation as well as McLaughlin personally are bound by the prior adverse judgment. We are also unpersuaded by plaintiffs' argument that the district court's dismissal of the original litigation was not a decision on the merits and cannot, therefore, be given preclusive effect. While dismissal for lack of jurisdiction is not an adjudication that reaches the merits of an underlying claim, it precludes relitigation of the same issue of jurisdiction in a second action on the same claim. E.g., Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. ____ _____ _____ 1980); 18 Wright, Miller and Cooper, Federal Practice and _____________________ -3- Procedure: Jurisdiction 4402 at 11 (1981). The district ________________________ court properly held that its prior rulings with respect to jurisdiction, including its refusal to allow substitution of the corporation, precluded relitigation of the same issues in the subsequent action. Finally, we find no merit in plaintiffs' contention that the district court's application of the doctrine of res ___ judicata was improper because the district court's prior ________ ruling with respect to the corporation's capacity to sue was erroneous. Even assuming arguendo that the district court's ________ prior ruling was erroneous, plaintiffs' remedy lay in taking a direct appeal from that allegedly erroneous ruling, not in filing a new law suit raising the same issue. E.g., ____ Federated Department Stores, Inc. v. Moite, 452 U.S. 394, 398 _________________________________ _____ (1980) ("the res judicata consequences of a final, unappealed ___ ________ judgment on the merits [are not] altered by the fact that the judgment may have been wrong"); Rose v. Town of Harwich, 778 ____ _______________ F.2d 77, 82 (1st Cir. 1985) ("if courts relaxed the principles of claim preclusion every time it appeared that a litigant had a strong claim 'on the equities,' the doctrine would fail to serve its purposes of promoting judicial economy and repose"), cert. denied, 476 U.S. 1159 (1986). _____ ______ When McLaughlin chose not to appeal, the district court's ruling denying party status to the corporation ripened into -4- finality and, whether or not based on erroneous reasoning, acquired preclusive effect. Affirmed. ________ -5-