**Elizabeth SMITH, Appellant,**

v.

**BEAL ACCEPTANCE CORP., Appellee.**

**No. Civ.A. 1:99–CV–2113–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 25, 2000.

Ralph S. Goldberg, Office of Ralph S. Goldberg, Decatur, GA, for Elizabeth C. Smith.

Scott H. Michalove, McCalla Raymer Padrick Cobb Nichols & Clark, Roswell, GA, for Beal Acceptance Corp.

## ORDER

THRASH, District Judge.

This case is an appeal from an order of the United States Bankruptcy Court for

the Northern District of Georgia dismissing this adversary proceeding. For the reasons set forth below, the order of the Bankruptcy Court is affirmed.

## I. BACKGROUND

Appellant Elizabeth Smith filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia on October 3, 1997. *In re Elizabeth Smith,* Case No. A97–77554–SWC. Appellee Beal Acceptance Corp. ("Beal") was among the creditors Appellant named in schedules in that case. On February 24, 1998, Appellant filed an adversary proceeding complaint to set aside the debt that she owed Beal on grounds that Beal had violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* While the parties negotiated a settlement, no final agreement was ever reached.

On July 22, 1998, Bankruptcy Judge Stacey W. Cotton dismissed Appellant's bankruptcy case pursuant to the Chapter 13 Trustee's Motion to Dismiss. After several months of inactivity, on October 9, 1998, Judge Cotton issued an order in the adversary proceeding whereby he ordered the parties to provide the court a written status report within 15 days. In the order, Judge Cotton stated that if the parties failed to file a report, the adversary proceeding would be dismissed with prejudice pursuant to Bankruptcy Local Rule 7055–1(A)(3) and (B) without further order of the Bankruptcy Court. Neither party filed a status report, and the adversary proceeding was dismissed with prejudice.

On October 30, 1998, Appellant filed for Chapter 13 bankruptcy a second time in the United States Bankruptcy Court for the Northern District of Georgia. *In re Elizabeth Smith,* Case No. A98–78191–SWC. Appellant again listed the indebtedness to Beal in the schedules. On December 3, 1998, Appellant filed a second adversary proceeding complaint in which she made the same claim regarding alleged Truth in Lending violations that she made in the first adversary proceeding

complaint. On May 3, 1999, Judge Cotton ordered Appellant to show cause why the second adversary proceeding should not be dismissed. Appellant responded on May 24, 1999, and also sought to vacate the dismissal of the first adversary proceeding. Judge Cotton held a hearing and on July 8, 1999, dismissed Appellant's second adversary complaint with prejudice. In response, Appellant filed a Notice of Appeal to this Court.

## II. STANDARD OF REVIEW

It is generally recognized that a court has wide discretion to control its docket and that decisions of the court concerning docket control matters are reviewed pursuant to the abuse of discretion standard. *J.D. Pharmaceutical Distributors, Inc. v. Save–On Drugs & Cosmetics Corp.,* 893 F.2d 1201, 1209 (11th Cir.1990). This Court reviews pursuant to the abuse of discretion standard the Bankruptcy Court's retention of jurisdiction as to an adversary proceeding after the underlying bankruptcy case is dismissed. *In re Morris,* 950 F.2d 1531, 1534 (11th Cir.1992).

Pursuant to the abuse of discretion standard, this Court must affirm the Bankruptcy Court unless it determines that the Bankruptcy Court made a clear error of judgment or has applied an incorrect legal standard. *Purcell v. BankAtlantic Fin. Corp.,* 85 F.3d 1508, 1513 (11th Cir.1996). The Bankruptcy Court has a range of choices, and its decision will not be reversed if it stays within that range and is not influenced by a mistake of law. *Kern v. TXO Prod. Corp.,* 738 F.2d 968, 970 (8th Cir.1984). This is true even if the reviewing court "would have gone the other way had it been [its] call." *Purcell,* 85 F.3d at 1513 (quoting *Macklin v. Singletary,* 24 F.3d 1307, 1311 (11th Cir.1994)).

## III. DISCUSSION

### A. JURISDICTION OF THE BANKRUPTCY COURT OVER THE FIRST ADVERSARY PROCEEDING

Appellant first contends that the Bankruptcy Court committed clear error

when it retained jurisdiction over Appellant's first adversary proceeding after dismissing Appellant's Chapter 13 bankruptcy case. According to Appellant, the Bankruptcy Court's July 22, 1998, dismissal of Appellant's first Chapter 13 case automatically terminated the Bankruptcy Court's jurisdiction over the first adversary proceeding. This Court concludes that the Bankruptcy Court did not err by retaining jurisdiction to dispose of the first adversary proceeding, even though it had dismissed Appellant's Chapter 13 bankruptcy case.

The United States Court of Appeals for the Eleventh Circuit has held that bankruptcy cases and companion adversary proceedings in the bankruptcy courts are two distinct proceedings; and that "the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement." *In re Morris*, 950 F.2d 1531, 1534 (11th Cir.1992). The exercise of jurisdiction over the adversary proceeding is left to the sound discretion of the bankruptcy court. *Id.* The bankruptcy court need not state expressly that it is retaining jurisdiction over an adversary proceeding after it disposes of the related bankruptcy case. *Id.* Other circuits have noted that nothing in the Bankruptcy Code requires a bankruptcy court to dismiss related adversary proceedings automatically following the termination of the underlying bankruptcy case, *In re Porges*, 44 F.3d 159, 162 (2d Cir.1995), and have described bankruptcy courts' right to exercise continuing jurisdiction over related adversary proceedings as "the majority rule," *In re Belmont Realty Corp.*, 11 F.3d 1092, 1099 (1st Cir.1993).

The first adversary proceeding clearly falls within the holding of *Morris* that the proceeding must be related to an underlying bankruptcy case. In her Chapter 13 case, Appellant sought the remedy of rescission of a secured indebtedness pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* An adversary proceeding based on the Truth in Lending Act is related to an underlying bankruptcy case. *See, e.g., Pauley v. Bank One Colorado Corp.*, 205 B.R. 272, 275 (D.Colo.1997) (retaining jurisdiction over Truth in Lending Act adversary proceeding after underlying proceeding was dismissed). The only question on appeal then is whether the Bankruptcy Court abused its discretion when it retained jurisdiction over Appellant's first adversary proceeding following its dismissal of the first Chapter 13 bankruptcy case and then dismissed the adversary proceeding with prejudice.

An examination of the Bankruptcy Court's actions shows that it did not abuse its discretion by retaining jurisdiction over the first adversary proceeding and then dismissing it with prejudice. In deciding whether to retain jurisdiction over an adversary proceeding after dismissing the underlying bankruptcy case, a court may consider the degree of difficulty of the related legal issues, the fairness and convenience to the litigants, and the interests of judicial economy. *Morris*, 950 F.2d at 1535. After Appellant's first bankruptcy case was dismissed the case remained on the docket for several months because of the adversary proceeding and the Bankruptcy Court entered an order directing that the parties provide the court a written status report within 15 days. The order stated that if the parties failed to file a report, the adversary proceeding would be dismissed with prejudice. Appellant failed to respond to this order, so the first adversary proceeding was dismissed with prejudice. Appellant has only herself to blame for the dismissal on the merits of her first adversary proceeding. If she had wanted the first adversary proceeding to be dismissed without prejudice, she should have notified the Bankruptcy Court, if not immediately after the bankruptcy case was dismissed, then at least once the Bankruptcy Court entered the October 9, 1998, order requesting a status report. In cir-

cumstances of a case such as this one where Appellant ignored an order of the Bankruptcy Court, both fairness and judicial economy necessitate that this Court not reward an appellant who has slept on her rights and then asks the Court to do what she should have done herself. *See, e.g., United States v. Munsingwear,* 340 U.S. 36, 41, 71 S.Ct. 104, 95 L.Ed. 36 (1950) ("The case therefore is one where the [appellant], having slept on its rights, now asks us to do what by orderly procedure it could have done for itself."). This case illustrates the need for providing a termination point in litigation. Where a party fails to protect her own rights and consequently suffers a dismissal in bankruptcy court, the reviewing court should not reverse that dismissal as an abuse of discretion. *See In re Belmont Realty Corp.,* 11 F.3d 1092, 1099 (1st Cir.1993) (upholding bankruptcy court).

## B. *RES JUDICATA EFFECTS ON THE SECOND ADVERSARY PROCEEDING*

■ Appellant next argues that the Bankruptcy Court should not have applied the doctrine of *res judicata* in the second adversary proceeding. The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties, and constitutes an absolute bar on subsequent action involving the same claim, demand, or cause of action. *Black's Law Dictionary* 1305 (6th ed.1990). In more simple terms, to paraphrase Yogi Berra, *res judicata* prevents a court from being subjected to "*déjà vu* all over again." It is clear that "[a] dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise." *Hart v. Yamaha–Parts Distribs., Inc.,* 787 F.2d 1468, 1470 (11th Cir.1986). "The phrases 'with prejudice' and 'on the merits' are synonymous terms, both of which invoke the doctrine of claim preclu-

sion." *Citibank, N.A. v. Data Lease Fin. Corp.,* 904 F.2d 1498, 1501 (11th Cir.1990). A dismissal pursuant to Bankruptcy Local Rule 7055–1 is an adjudication on the merits. Bankruptcy Local Rule 7055–1(B).

■ In this case, there is little doubt that *res judicata* applies to Appellant's second adversary proceeding. For *res judicata* to attach, four requirements must be met: (1) a final judgment on the merits that is (2) rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them must be identical in both suits; and (4) the same cause of action must be involved in both cases. *Yamaha–Parts Distribs., Inc.,* 787 F.2d at 1470. As discussed above, the Bankruptcy Court possessed subject matter jurisdiction so it, therefore, is a court of competent jurisdiction. Second, it rendered a final judgment on the merits by dismissing the first proceeding with prejudice. Third, the parties are identical in both adversary proceedings. Fourth, Appellant's second adversary proceeding is based on the exact same facts and raises the exact same legal issues as were raised in the first adversary proceeding. Consequently, the Bankruptcy Court's adjudication on the merits of Appellant's first adversary proceeding bars a second adversary proceeding.

■ Appellant attempts to avoid the doctrine of *res judicata* by arguing that the Bankruptcy Court's review of the issue *sua sponte* was improper. "Dismissal by the court *sua sponte* on *res judicata* grounds, however, is permissible in the interest of judicial economy where both actions were brought before the same court." *Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir.1980).[1] The rule in *Boone* provides that a court can "*sua sponte* dismiss an action on *res judicata* grounds in the interest of judicial economy where the previous action had been brought before a court of the same district, even though the

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding prece-

dent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

record contained neither the complaint nor the dismissal in the earlier action." *Nagle v. Lee,* 807 F.2d 435, 438 (5th Cir.1987). This case falls squarely within the rule announced in *Boone.* Both of Appellant's adversary proceedings were brought in the same court—and even before the same judge. Additionally, both of Appellant's adversary proceedings raised the same claims based on the same facts and the same law. For these reasons, the Bankruptcy Court did not err when it held that *res judicata* bars Appellant's second adversary proceeding. Even if Beal did not raise the doctrine of *res judicata* as an affirmative defense, the Bankruptcy Court was entitled to dismiss the second adversary proceeding *sua sponte* in light of the binding precedent of *Boone.*

### IV. CONCLUSION

For the reasons set forth above, the order of the Bankruptcy Court's AFFIRMED and this appeal is DISMISSED.