United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-30782

**KANSAS CITY SOUTHERN RAILWAY COMPANY,**

**Plaintiff-Appellant,**

**versus**

**CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD,**

**Defendant-Appellee.**

**Appeal from the United States District Court
for the Eastern District of Louisiana
(2:03-CV-3064-T)**

Before HIGGINBOTHAM, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kansas City Southern Railway (KCS) appeals the dismissal, for lack of subject matter jurisdiction, of its claims for indemnity against Canadian National/Illinois Central Railroad (CN/IC). In an earlier action by two KCS employees against KCS and CN/IC, and following arbitration involving KCS and CN/IC and concerning the tort claims brought by those employees, the district court held it lacked subject matter jurisdiction over KCS' claims against CN/IC. These claims are presented again in this action. KCS contends they are not subject to the prior arbitration. CN/IC counters that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's holding in the earlier action – not appealed by KCS – is controlling.  The district court held correctly that, in accordance with its prior holding, it must continue to hold jurisdiction is lacking.  **AFFIRMED.**

I.

This dispute arises out of a collision at the "Orleans Junction" in Kenner, Louisiana, between a KCS locomotive and a Burlington Northern Santa Fe (BNSF) detour train, operated by CN/IC employees, on tracks owned by CN/IC.  Two KCS employees, Crump and Lentz, were seriously injured.  They sued KCS under the Federal Employee Liability Act, 45 U.S.C. § 51 *et seq.* (2000), and brought negligence and other tort claims against CN/IC and BNSF (the Crump and Lentz action).  As demanded by CN/IC, BNSF agreed to indemnify CN/IC in that action, according to a "Detour Agreement" between the two railroads.  (The district court later dismissed BNSF with prejudice from the Crump and Lentz action.)  CN/IC accepted indemnity from BNSF; it is not involved in the instant action.

CN/IC also demanded indemnity from KCS in the Crump and Lentz action, pursuant to the Joint Facilities Agreement (JFA) controlling the CN/IC and KCS relationship.  When KCS refused, CN/IC invoked Section 17 of the JFA, which required binding arbitration in case of disagreement over the parties' responsibilities.

Pending arbitration, KCS and CN/IC agreed to mediate the Crump and Lentz claims; by oral agreement, each consented to fund one half of any settlement reached, reserving rights under the JFA in arbitration.  On 3 July 2002, based on a mediated settlement, the district court dismissed without prejudice all claims in the Crump and Lentz action, retaining jurisdiction and allowing either party to reopen the action to enforce the settlement.  Pursuant to their agreement, CN/IC and KCS contributed equally to the settlement.

Arbitration was held on 19 July 2002, approximately two weeks after the claims in the Crump and Lentz action were dismissed (pursuant to the settlement).  The sole issue presented at arbitration by CN/IC was whether the JFA required KCS to indemnify CN/IC in that action.  *KCS did not present any claims at arbitration*.  The arbitration panel held CN/IC could not claim indemnity from KCS under the JFA because BNSF had agreed to indemnify CN/IC under a separate agreement.  The panel concluded:

> [T]he language used by the parties in the [JFA] expresses an intent that neither party shall be liable to indemnify the other party for any loss or damage that a third party railroad that is allowed to enter or permitted to use a portion of the joint facilities is obligated to assume pursuant to an agreement with its host, regardless of whether the third-party railroad is using the facilities under another Joint Facilities Agreement, under a detour agreement or on some other basis. For that reason, KCS is not responsible to indemnify CN/IC for an obligation that BNSF has assumed pursuant to the Detour Agreements.

3

The panel neither made a liability determination for the underlying accident nor discussed CN/IC's responsibility to KCS.

Following the arbitration ruling against CN/IC, KCS demanded CN/IC reimburse it for KCS' contribution to the Crump and Lentz settlement. When negotiations between the parties failed, KCS moved the district court to reopen the Crump and Lentz action to "resolve the issue of any negligence on the part of KCS which would entitle CN/IC to contribution". In August 2003, the motion was denied. The court held it did not have jurisdiction over KCS' claims because the JFA arbitration clause required all issues to be arbitrated; and KCS had not moved to amend the order of dismissal evidencing the parties' agreement to settle all claims without reservation. *Crump v. Can. Nat'l/Ill. Cent. R.R. Co.*, No. 01-0296, 2003 WL 21999334 (E.D. La. 19 Aug. 2003) (unpublished). *KCS did not appeal this decision.* (Neither party disputes this was a final appealable order.)

In October 2003, less than three months after the district court refused to reopen the Crump and Lentz action, KCS brought the instant action against CN/IC, again seeking reimbursement for its settlement contribution, as well as attorney's fees. (Other than stating a damages amount, the complaint is essentially identical to the earlier, denied motion to reopen.) KCS' complaint claimed: "the losses and damages incurred by Crump and Lentz were due solely and exclusively to the fault of CN/IC"; the arbitration panel found

4

"CN/IC was not entitled to a defense and indemnification from KCS under the [JFA] for the claims asserted against it"; and, therefore, CN/IC was obliged to reimburse KCS for its settlement contribution.

CN/IC moved to dismiss for lack of subject matter jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(1) and (b)(3), maintaining: the indemnification dispute was subject to arbitration under the JFA; the prior indemnity ruling constituted *res judicata*, based on the binding arbitration agreement; and *res judicata* also barred the complaint because, in denying KCS' motion to reopen in the earlier Crump and Lentz action, the district court held it lacked jurisdiction over these issues.

On granting the motion to dismiss, the district court ruled: in the earlier arbitration, KCS should have presented a claim that CN/IC owed it indemnification; and KCS forfeited any indemnification claim after the dismissal of the Crump and Lentz action and the close of the arbitration hearing. In its analysis, the district court quoted its 13 August 2003 denial of the motion to reopen the Crump and Lentz action and held: "The same analysis holds true in the current dispute and, thus, this Court finds it is without jurisdiction to hear these previously decided issues". *Kansas City S. Ry. Co. v. Can. Nat'l/Ill. Cent. R.R. Co.*, No. 03-3064, 2004 WL 1638115, at *5 (E.D. La. 20 July 2004) (unpublished).

5

(The district court did *not* reach the issue of indemnity or any *res judicata* effect of the arbitration agreement on KCS' claims, other than, as stated, to note KCS "could have and should have" raised these claims in the arbitration. *Id.*) The district court did not reach CN/IC's improper-venue claim.

## II.

Because the dismissal for lack of jurisdiction is the only issue presented, we do not consider the improper-venue motion. A lack-of-subject-matter-jurisdiction dismissal is reviewed *de novo*, *e.g.*, **Krim v. pcOrder.com, Inc.**, 402 F.3d 489, 493 (5th Cir. 2005), as is the *res judicata* effect of a prior judgment, **Davis v. Dallas Area Rapid Transit**, 383 F.3d 309, 313 (5th Cir. 2004).

KCS contends: the district court erred in concluding the question of CN/IC's duty to indemnify KCS was within the scope of the arbitration; KCS' indemnity rights were not ripe for arbitration; and those rights were not the proper subject of arbitration because those proceedings were not meant to assign liability for the accident. KCS requests either reversal of the district court's order *or* a return to arbitration to address KCS' indemnity rights.

CN/IC responds: the district court's denial of the motion to reopen the Crump and Lentz action was a final, controlling ruling on the subject-matter-jurisdiction issue and stands as *res judicata* to the instant action; KCS' assertion of subject matter

6

jurisdiction is barred by collateral estoppel; *res judicata* also bars KCS' indemnity claim because it should have been addressed at arbitration; and the appropriate remedy was for KCS to appeal the denial of the motion to reopen the Crump and Lentz action, *not* file the instant action.

KCS replies that CN/IC cannot assert the affirmative defenses of *res judicata* or collateral estoppel because it did not do so in its motion to dismiss; and that collateral estoppel and *res judicata* do not apply because the issue of KCS' indemnity was not raised or litigated in the prior arbitration or district court proceedings.

The district court ruled correctly. In so holding, we do *not* decide, *inter alia*, whether the parties may return to arbitration.

A.

1.

Generally, *res judicata* is an affirmative defense which must be raised in a party's first responsive pleading. FED. R. CIV. P. 8(c); *e.g.*, **Nagle v. Lee**, 807 F.2d 435, 438 (5th Cir. 1987). CN/IC did not answer KCS' complaint; instead, pursuant to Rule 12(b) (party may raise lack-of-subject-matter-jurisdiction defense by motion), its first responsive pleading was its motion to dismiss, in which it properly asserted *res judicata* concerning subject matter jurisdiction and indemnity. *See* **Nagle**, 807 F.2d at 439. *Apparently*, the district court adopted CN/IC's *res judicata*

7

contention when it held "it [was] without jurisdiction to hear these previously decided issues". *Kansas City*, 2004 WL 1638115, at *5.

In any event, this matter fits both exceptions for addressing *res judicata sua sponte*. A court may do so "in the interest of judicial economy when [,as here,] both actions were brought before the same court". *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 281 (5th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)). Also, "where all of the relevant facts are contained in the record ... and all are uncontroverted", a court "may not ignore their legal effect, nor may [it] decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite [the court's] attention by technically correct and exact pleadings". *Id.* at 281 (citing *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar. 1981)). KCS' motion to reopen the Crump and Lentz action and KCS' instant action concern CN/IC's responsibility *vel non* to indemnify KCS, and they were brought before the same court. The underlying facts are uncontroverted; and the district court previously, conclusively held it lacks jurisdiction over KCS' indemnity claims.

A prior judgment acts as *res judicata* to preclude further consideration when: "(1) ... the prior judgment [was] rendered by a court of competent jurisdiction; (2)... there [was] a final judgment on the merits; (3) ... the parties, or those in privity with them, [were] identical in both suits; and (4) ... the same cause of action [was] involved in both suits". *Mowbray*, 274 F.3d at 282 (internal quotation omitted). "It has long been the rule that principles of res judicata apply to jurisdictional determinations – both subject matter and personal." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982).

In denying KCS' motion to reopen the Crump and Lentz action, the district court ruled it lacked subject matter jurisdiction over KCS' indemnity claim because that claim was covered by the binding arbitration agreement in the JFA. *Crump*, 2003 WL 21999334, at *2 ("The arbitration clause requires all claims to be arbitrated."). This was a final determination of the court's subject matter jurisdiction for this claim; rendered by a court of competent jurisdiction; involving the same parties and the same claim as the current action.

"If the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack." *Royal Ins. Co.*

*of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992), *cert. denied*, 511 U.S. 1032 (1994).  As discussed, KCS did *not* appeal the denial of its motion to reopen the Crump and Lentz action; it may *not* now re-litigate subject matter jurisdiction.

## B.

In general, "the dismissal of a complaint for lack of [subject matter] jurisdiction does not adjudicate the merit[s] *so as to make the case res judicata on the substance of the asserted claim*". *Boone*, 617 F.2d at 436 (emphasis added); *see also **Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.***, 143 F.3d 1006, 1013 (5th Cir. 1998).  As discussed, because the district court held in a previous, final decision that it lacked subject matter jurisdiction over KCS' indemnity claim against CN/IC for damages arising from the Crump and Lentz action, it held it was without jurisdiction over the instant complaint.  In upholding the dismissal, we decide neither the merits of the indemnity issue nor whether the parties may return to arbitration to resolve them.

## III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

10