# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41193

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2018

Lyle W. Cayce
Clerk

JASON FREGIA,

      Plaintiff - Appellant

v.

ANN BRIGHT, CARTER SMITH, TIMOTHY BIRDSONG,
ROBERT MCDONALD, GARY SAUL, KEN KURZAWSKI,
ELIZABETH CATER,

      Defendants – Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CV-187

Before JONES, BARKSDALE and WILLETT, Circuit Judges.

PER CURIAM:[*]

Appellant Jason Fregia, proceeding *pro se*, sued Defendants Texas Parks and Wildlife Department ("TPWD") employees Ann Bright, Carter Smith, Timothy Birdsong, Robert McDonald, Gary Saul, Ken Kurzawski and Elizabeth Cater (collectively, the "TPWD Appellees") in the Eastern District of Texas, requesting relief for alleged constitutional violations under 42 U.S.C.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

§§ 1983 and 1985(3).   Fregia had reached out to the TPWD regarding permitting requirements for the American eel in Texas waters in an effort to add the American eel to the commercial fishing list.   He alleges TPWD's response constituted a conspiracy to deter him from exercising his rights and privileges of free speech and association under the First Amendment and deprive him of due process under the Fourteenth Amendment.   After Fregia amended his pleadings for a third time, the district court issued an order adopting the magistrate judge's report and recommendation, granting the TPWD Appellees' motion to dismiss and entering final judgment dismissing all claims with prejudice.   For the reasons discussed herein, we AFFIRM.

## I.

On April 4, 2014, Fregia contacted the TPWD to inquire about permitting requirements for the procurement, study, and use for personal research of the American eel in Texas waters.   Fregia followed up with the TPWD via email a few days later to ask about having the American eel added to the commercial fishing list in order to legalize its harvest.   The TPWD responded by asking Fregia to provide biological and population data, and in response to this request Fregia provided live samples of what he believed were American eels. Fregia emailed the TPWD two more times, on April 28, 2014 and May 1, 2104, reiterating his desire to add the American eel to the commercial fishing list and asking how to file a petition to do so.   On May 13, 2014, the TPWD informed Fregia the samples he provided were actually speckled worm eels and shrimp eels, not American eels. The day after Fregia learned his samples were not American eels, TPWD Game Warden Michael Boone contacted Fregia to notify him of an investigation of his fishery operation.

The TPWD treated Fregia's inquiries as a petition for rulemaking, and so on June 9, 2014, TPWD Executive Director Carter Smith sent a memo to the

No. 17-41193

TPWD commissioners recommending it be denied.  The TPWD based its decision on its finding that the American eel population in Texas freshwater areas has become significantly depleted due to the prevalence of river damming, and it was therefore a species of "greatest conservation need" in the Texas Conservation Action Plan.  The following day, TPWD general counsel Ann Bright sent a copy of the staff recommendation to Fregia along with an explanation of TPWD's decision to deny his petition.  Fregia immediately replied explaining he was not yet ready to submit a formal petition, as he was still working on the research.  On June 12, 2014, TPWD advised Fregia he could present any additional data and information when he was ready to do so and TPWD would "treat the submission as a new petition and process it in exactly the same fashion."

Fregia never submitted a formal petition.  Instead, on October 16, 2014, Fregia filed a complaint against Game Wardens Michael Boone and Warden Reeder in the Eastern District of Texas, alleging they conspired with local police to deprive him of his First Amendment and due process rights by investigating his fishing operations and intimidating and harassing him (the "Game Warden Litigation").  *See Fregia v. Boone*, No. 1:14-CV-530, 2015 WL 5766936 (E.D. Tex. Sept. 29, 2015).  The suit was dismissed for failure to state a claim upon which relief can be granted.  *Id.* at \*2.[1]

On June 6, 2016 Fregia filed this suit against TPWD general counsel Ann Bright, in her personal capacity, and the other TPWD Appellees in their official capacities.  After Fregia amended his pleadings for the third time, the TPWD Appellees filed a motion to dismiss under Federal Rule of Civil

---

[1] Fregia was indicted by a grand jury for obstruction and retaliation on March 13, 2015, after he sent Game Warden Reeder an email and left TPWD Assistant Commander Johnathan Gray a voicemail relating alleged threats, assaults, and conspiracies concerning the Game Warden Litigation.  The criminal case against Fregia was dismissed pending further investigation on June 8, 2017.

3

No. 17-41193

Procedure 12(b)(6), which was granted on October 27, 2017.  Fregia now appeals the district court's dismissal, as well as its denial of his motion for leave to file a fourth amended complaint.

## II.

This court reviews a district court's grant of a motion to dismiss *de novo*. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). When a district court dismisses a civil rights complaint for failure to state a claim, this court reviews the decision *de novo*, using the same standard applied to dismissals under Rule 12(b)(6). *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).  Where, as here, a district court denies a motion for leave to file an amended complaint because the plaintiff has had several opportunities to state a cognizable claim and he has pled his best case, the court need not authorize another amendment. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.,* 336 F.3d 375, 387 (5th Cir. 2003).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim will be considered plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). On an appeal of a motion to dismiss, the facts alleged in the complaint and all reasonable inferences therefrom are construed in the light most favorable to the non-movant. *Morgan v. Swanson*, 659 F.3d 359, 396 (5th Cir. 2011) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585-86 (5th Cir. 1999)).  But to survive a motion to dismiss, a plaintiff must plead more than generalized, "'unadorned, the defendant-unlawfully-harmed-me accusation[s].'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

No. 17-41193

A *pro se* appellant's pleadings will be held to "less stringent standards than formal pleadings drafted by lawyers" and liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). Nevertheless, *pro se* litigants must still follow the Federal Rules of Civil Procedure and "have no general immunity from the rule that issues and arguments not briefed on appeal are abandoned." *Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005) (citations omitted); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Even under this lenient standard Fregia failed to adequately state any claim upon which relief can be granted. As will be discussed, his constitutional claims are barred by res judicata and his remaining claims are wholly unsupported by the pleadings and inadequately briefed. The district court properly dismissed the case.

III.

In the comprehensive Report and Recommendation Granting Defendants' Motion to Dismiss adopted by the district court, the magistrate judge explained that Fregia's third complaint "[u]nfortunately…does not entirely focus on [the] particular alleged constitutional violations against the named defendants," and it is "entirely unclear" what actions he alleges the TPWD Appellees undertook that would support his claims and entitle him to relief. Although the same can be said about the brief Fregia submitted to this court, we discern the following claims on appeal: (1) the district court erred in dismissing the First Amendment retaliation claim; (2) the district court erred in dismissing the due process claim; (3) the district court erred in dismissing the requests for monetary relief as barred by the Eleventh Amendment and qualified immunity; (4) the district court erred in dismissing the conspiracy claim; and (5) the district court erred in denying Appellant leave to amend his complaint a fourth time.

The magistrate judge's opinion, "liberally construing" Fregia's complaint, infers that Fregia claimed violations of his First Amendment rights of freedom of speech, right to petition the Government for redress of grievances, and "freedom of association" because the TPWD employees retaliated against him for "speaking out" about the American eel and inquiring about placing the American eel on the commercial fishing list.  As the district court concluded, the First Amendment claims are barred by *res judicata. Res judicata,* or claim preclusion, prevents a party from litigating or re-litigating issues that were or could have been raised in an action in which a final judgment on the merits has issued.  *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009).  For a claim to be barred by *res judicata*, the following four requirements must be met: "(1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases."  *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990) (citations omitted).

In the Game Warden Litigation, the district court construed Fregia's complaint to include a claim for retaliation under the Petition Clause of the First Amendment and dismissed Fregia's case with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  This court has held there is privity between officers of the same government entity such that the judgment in the Game Warden Litigation precludes re-litigation of the same First Amendment issues between Fregia and the TPWD Appellees here.  *See Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (citations omitted).

No. 17-41193

Consequently, the elements of *res judicata* are met and the district court properly dismissed the First Amendment claims on this ground. [2]

Fregia's operative complaint was construed as also stating a claim that the TPWD violated his due process liberty interest in harvesting the American eel as an occupation. Specifically, Fregia alleges the TPWD Appellees violated his Fourteenth Amendment rights by depriving him of his commercial interest in the American eel without due process and impeding his defense in his criminal prosecution by Travis County.[3] As to the first claim, the magistrate judge correctly noted that "under the facts alleged in his operative complaint, an intricate analysis of procedural or substantive due process is completely unnecessary," because TPWD's documented offer to assist Fregia with the process of filing a petition is the exact opposite of "denying" him due process. As to the criminal prosecution, any claim is necessarily moot because the case against him was dismissed.

The district court concluded that Appellees Smith, Birdsong, McDonald, Saul, Kurzawski and Cater enjoy immunity from Fregia's claims and Appellee Bright enjoys qualified immunity from suit in her individual capacity. *See NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015); *Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007). The district court also held that "Fregia [] failed to allege any conspiracy was motivated by class-based animus . . . failed to state a claim under § 1983, and . . . the TPWD employees cannot conspire with themselves under the intracorpo[r]ate conspiracy doctrine;" therefor, Fregia's § 1985(3) claim failed. Fregia's brief fails to address the

---

[2] Alternatively, the court did not err in finding any of the possible theories of First Amendment violations meritless for the reasons stated by the magistrate judge.

[3] Fregia complained the TPWD did not provide him with all the public information he requested related to his criminal prosecution. For its part, TPWD believed some information responsive to his request was exempt from disclosure under the Texas Public Information Act. *See* Tex. Gov't Code §§ 552.009-.353. Both TPWD and the state Attorney General opined on the disclosure exemption.

immunity defense and lacks a single record reference or case law supporting error in the disposition of his conspiracy claim.  He has accordingly waived these issues.  *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000); *Jowers*, 404 F.3d at 373 n.6. [4]

Fregia finally challenges the court's denial of leave to amend his complaint a fourth time before it disposed of the TPWD Appellees' motion to dismiss.  Leave to amend a complaint should be freely given when justice so requires, but the decision is left to the sound discretion of the district court. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).  When a claim is frivolous or the complaint alleges the plaintiff's best case, a court does not need to allow a further factual statement from the plaintiff. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).  The magistrate judge noted the thoroughness of Fregia's third complaint, comprised of 87 pages, including 17 exhibits, and determined "if he had any additional facts to show constitutional deprivations, those facts would have already been pled." This court agrees that granting further leave was required under these circumstances.  The district court did not abuse its discretion.

IV.

Having reviewed the record, the briefs, and the applicable law, we **AFFIRM** the district court's judgment for the reasons stated above.

---

[4] For what it's worth, his only nod to immunity comes in the form of requests for various types of monetary relief throughout his pleadings, including damages, travel expenses, loss of income and attorney's fees, none of which substantively address immunity. Generalized accusations about conspiracy against TPWD are similarly insufficient to raise an appellate issue.