# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10478
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 30, 2018

Lyle W. Cayce
Clerk

DIANE MCINTYRE,

    Plaintiff - Appellant

v.

BEN E. KEITH COMPANY,

    Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-203

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Diane McIntyre appeals the district court's judgment dismissing her Fair Labor Standards Act claims as barred by res judicata. Because McIntyre's claims arise from the same common nucleus of operative facts as her previously dismissed action brought under Title VII of the Civil Rights Act, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10478

I.

In December 2016, Ms. McIntyre initiated her first lawsuit against Ben E. Keith Company when she sued the company in federal district court for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Complaint, *McIntyre v. Ben E. Keith Co.*, No. 4:16-CV-1134-A, 2017 WL 4653447 (N.D. Tex. Oct. 13, 2017). In her complaint, she alleged that she began working as a backhaul driver for Ben E. Keith Company, a food and beverage distribution company, in June 2014. *Id.* ¶ 3.01. She further alleged that she was the sole African-American female driver in her division and that she was the only driver consistently assigned to work more than fifty-five hours a week. *Id.* ¶ 3.02. When she complained about her excess hours, she was subjected to increased levels of harassment and discriminatory conduct. *Id.* ¶ 3.03. In January 2016, her supervisor began deducting wage compensation from her paychecks, which he justified as disciplinary measures for missing a meeting and taking leave. *Id.* ¶ 3.04. She attempted to report this retaliation to company higher ups, and requested documentation of her supervisor's ability to deduct her pay. *Id.* ¶¶ 3.04–3.07. The response, however, was an email stating that her demands were becoming "unreasonable" and "insubordinate." *Id.* ¶ 3.08. Four days later, on March 14, 2016, she was discharged. *Id.* ¶ 3.09. In that action, Ms. McIntyre asserted causes of action for discrimination based on gender and race, hostile work environment, harassment, and retaliation, particularly in the form of improper wage deductions from her paycheck and, ultimately, her firing. *Id.* at ¶¶ 4.01–6.04. The district court entered summary judgment in favor of Ben E. Keith Company and dismissed Ms. McIntyre's complaint with prejudice. *McIntyre*, 2017 WL 4653447 at *4. We dismissed Ms. McIntyre's appeal of this judgment for want of prosecution. *McIntyre v. Ben E. Keith Co.*, No. 17-11344, 2018 WL 2215968 (5th Cir. Jan. 17, 2018).

No. 18-10478

Ms. McIntyre was, however, undeterred by this dismissal and filed the present action alleging violations of the Fair Labor Standards Act (FLSA). Fair Labor Standards Act of 1938, § 1 *et seq.*, 29 U.S.C.A. § 201 *et seq.* In her new complaint, she again alleges that she worked as a back haul driver for Ben E. Keith Company and routinely worked more than forty hours a week. She alleges for the first time, however, that Ben E. Keith Company refused to pay her overtime or compensate her at all for these excess hours. The complaint then goes on to allege, as in the prior action, that when she complained about her hours as compared to her coworkers, she had her pay docked and was ultimately fired for insubordination. The district court, sua sponte, dismissed Ms. McIntyre's claims on res judicata grounds pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.

Ms. McIntyre contends on appeal that the district court erred in finding that her Civil Rights Act and FLSA claims arose out of the same set of operative facts. She further argues that the district court erred by not conducting an analysis of the operative facts prior to making its sua sponte ruling.[1] We review de novo a dismissal based on res judicata. *Mowbray v. Cameron Cty.*, 274 F.3d 269, 281 (5th Cir. 2001) (citing *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995)).

Generally, res judicata must be pled as an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Two limited exceptions to this rule exist. The first exception permits "[d]ismissal by the court sua sponte on res judicata grounds . . . in the interest of judicial economy where both actions were brought before the same court." *Mowbray*, 274 F.3d at 281 (alterations in original) (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)). The second exception applies "where

---

[1] Ben E. Keith Company has not filed a response brief.

all of the relevant facts are contained in the record . . . and all are uncontroverted." *Id.* (quoting *Am. Furnitive Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)).  Both McIntyre's Civil Rights Act and FLSA actions were brought before the same federal district court.  The relevant facts are contained in McIntyre's complaint, which is nearly identical to the complaint filed in the earlier action.  Thus, the district court did not err in raising the issue of res judicata sua sponte under Rule 12(b)(6).

We now turn to the merits of the district court's res judicata ruling.  Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).  Res judicata applies when "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."  *Id.*  Ms. McIntyre concedes that the parties in her Civil Rights Act and FLSA actions are identical, the judgment in the prior action was rendered by a court of competent jurisdiction, and the prior action was concluded by a final judgment on the merits.  She disputes the district court's conclusion only as to the fourth element.

To determine whether two actions involve the same claim or cause of action, we apply a transactional test.  *Id.*  Under that test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."  *Id.*  Determining whether a grouping of facts constitutes a "transaction" or "series of transactions" must be done "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether

their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* Thus, "[t]he critical issue is whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* (quoting *New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)).

The claims in both of Ms. McIntyre's actions related to her employment as a back haul driver for Ben E. Keith Company and her allegations that she worked overtime and, after she complained that her hours exceeded those of other employees, the company retaliated against her by docking her pay and ultimately discharging her. Ms. McIntyre's complaint in this action omits her prior allegations related to gender and racial discrimination, but yet contains only a single new allegation—that she was not properly compensated for her overtime work. All the claims in both actions, however, originate from the virtually identical course of allegedly unlawful conduct by Ben E. Keith Company as applied to Ms. McIntyre's overtime work and could, and should have been, brought in the earlier lawsuit. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004) (holding that claims arose from the same series of transactions even though the "factual allegations articulated in the two complaints differ" because "all of the claims in question originate from the same continuing course of allegedly discriminatory conduct"). Thus, we hold that, because Ms. McIntyre's Civil Rights Act and FLSA actions arose from the same nucleus of operative facts, both actions involved the same claim and the latter, that is the claim presented in this appeal, is barred by res judicata.

## III.

Accordingly, the judgment of the district court dismissing Ms. McIntyre's complaint is

AFFIRMED.